FILED
JAMES BONINI
CLERK

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

05 SEP 29 PM 3: 02

| | | |
|---|---|---|
| **DAVID L. BEEKMAN** | : | CIVIL ACTION NO.: |
| 10888 Batta Road | : | |
| Sunman, Indiana 47041 | : | **1:05 CV 638** |
| | : | Judge: |
| and | : | SPIEGEL, J. |
| | : | Magistrate Judge: |
| **DONALD G. HENDERSON**, *Trustee* | : | J. HOGAN |
| *for Bankruptcy Estate of David L.* | : | |
| *Beekman and Karen S. Beekman* | : | |
| 1635 I Street | : | |
| P.O. Box 909 | : | |
| Bedford, IN 47421-0909 | : | |
| | : | **COMPLAINT WITH JURY** |
| Plaintiffs | : | **DEMAND ENDORSED HEREON** |
| | : | |
| v. | : | |
| | : | |
| **OFFICE DEPOT, INC.** | : | |
| 4700 Muhlhauser Road | : | |
| Hamilton, Ohio 45011 | : | |
| | : | |
| Defendant | : | |

Plaintiffs David L. Beekman, and Donald G. Henderson, *Trustee for Bankruptcy Estate of David L. Beekman and Karen S. Beekman* (hereafter collectively, "Plaintiffs"), hereby state as follows:

### I. PARTIES

1.     Plaintiff David L. Beekman is a citizen of the State of Indiana. His date of birth is September 21, 1947.

2.     Plaintiff Donald G. Henderson is the Trustee for the Bankruptcy Estate of David L. Beekman and Karen S. Beekman. Mr. Henderson and/or the Bankruptcy Estate may have an interest in the claims asserted herein.

3.      Upon information and belief, Defendant Office Depot, Inc. (hereafter, "Defendant") is a Delaware corporation with a principal place of business in the State of Florida.

4.      Defendant is regularly conducting business in the State of Ohio, and employs more than 50 people within Butler County, Ohio.

5.      Defendant is an "employer" as that term is defined by 29 U.S.C. §630(b) and Ohio Revised Code §4112.01(A)(2).

## II. JURISDICTION AND VENUE

6.      Plaintiffs' federal claims are brought pursuant to 29 U.S.C. §§621, *et seq.,* the Age Discrimination In Employment Act (hereafter, the "ADEA"). This Court therefore has jurisdiction over these federal claims pursuant to 29 U.S.C. §626(b)&(c) and 28 U.S.C. §1331.

7.      Plaintiffs' state law claims are so related to Plaintiffs' federal claims that they form part of same case and controversy. This Court therefore has supplemental jurisdiction over Plaintiffs' state law claims described herein pursuant to 28 U.S.C. §1367. This Court also has jurisdiction over Plaintiffs' state law claims described herein based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

8.      Pursuant to 28 U.S.C. §1391 and Rule 82.1(b) of the Local Rules For The United States District Court for the Southern District of Ohio, venue is appropriate in the Southern District of Ohio, Western Division, because a substantial part of the events or omissions giving rise to the clams herein occurred in Butler County, Ohio, in the Southern District of Ohio.

2

9. Following the unlawful employment practices described herein, Plaintiffs timely filed a Charge Of Discrimination with the Ohio Civil Rights Commission (hereafter, "OCRC") on November 19, 2004. That Charge was then dual-filed with the United States Equal Employment Opportunity Commission (hereafter, "EEOC"). A copy of that Charge is attached hereto as "Exhibit A."

10. On or about April 14, 2005, the OCRC issued a decision of no probable cause. Thereafter, on or about July 5, 2005, the EEOC issued a Dismissal And Notice Of Right To Sue. A copy of that Notice is attached hereto as "Exhibit B." All procedural prerequisites to the maintenance of this suit pursuant to the ADEA have been satisfied.

## III. STATEMENT OF FACTS

11. Plaintiff began his employment with Defendant in 1995, and became the Operations Manager of the Receiving Department at Defendant's Muhlhauser Road Distribution Center in 2000. Prior to that time, Plaintiff had been employed by the various predecessor companies of Defendant since 1993.

12. At all times relevant to this Complaint, Plaintiff was a loyal and dedicated employee of Defendant, was fully qualified for the positions he held, and he performed his job duties in a competent and capable manner.

13. The Plaintiff's employment was terminated effective July 19, 2004.

14. The reason Defendant gave for Plaintiff's termination is not worthy of belief for a number of reasons, and the real reason for the termination was Plaintiff's age.

15. Plaintiff was and is fully qualified to remain in his position as Operations Manager, and at the time of his termination, he was meeting all of the goals and reasonable expectations established by Defendant for that position.

16.    At all times relevant to this Complaint, Bruce Harris was the Director of Defendant's Muhlhauser Road Distribution Center, and Plaintiff's superior. Prior to and following Plaintiff's termination, Mr. Harris stated that Defendant planned to actively recruit and hire new management employees from college to "get fresh young blood for new ideas," or words to that effect.

17.    Plaintiff and at least four other management-level employees over the age of 40 have recently been terminated or forced to resign by Defendant.

18.    Defendant treated Plaintiff differently and less favorably than other similarly-situated, younger management employees. Prior to Plaintiff's termination, three new management employees, all under the age of 40, were recently hired. At least one of these younger management employees is now performing the duties of Plaintiff's position.

19.    At least one similarly-situated, younger management employee was not disciplined or terminated despite the fact that his performance was inferior to Plaintiff's and despite the fact that he engaged in conduct similar to Plaintiff.

20.    Defendant discriminated against Plaintiff and terminated his employment without just cause because of his age.

21.    As a direct and proximate result of Defendant's conduct and discrimination, Plaintiffs have been damaged and have suffered and will continue to suffer loss of pay, status, benefits, insurance benefits, and promotional opportunities, mental and emotional anguish and stress, humiliation, embarrassment, and loss of reputation and self-esteem.

22.    Defendant's conduct described herein was willful, wanton, and malicious, and was done in gross disregard for Plaintiff's legal and employment rights, including his right to be free from discrimination based upon his age.

4

## IV. COUNT ONE
## Age Discrimination In Violation Of The ADEA

23.    Plaintiffs reassert each and every allegation contained in the foregoing paragraphs of this Complaint as if fully rewritten herein.

24.    By discriminating against Plaintiff and terminating his employment because of his age, Defendant has violated the ADEA.

## V. COUNT TWO
## Age Discrimination In Violation Of ORC §4112

25.    Plaintiffs reassert each and every allegation contained in the foregoing paragraphs of this Complaint as if fully rewritten herein.

26.    By discriminating against Plaintiff and terminating his employment because of his age, Defendants have violated §§4112.02(A) and 4112.99 of the Ohio Revised Code.

## VI. COUNT THREE
## Ohio Public Policy Violation - Age Discrimination

27.    Plaintiffs reassert each and every allegation contained in the foregoing paragraphs of this Complaint as if fully rewritten herein.

28.    There are clear public policies expressed in both state and federal law that employees should not be subject to age discrimination, including but not limited to the ADEA, and Ohio Revised Code §§4112.02(A), 4112.02(N), 4112.05, 4112.14, and 4112.99.

29.    Allowing Defendant to discriminate against its employees, like Plaintiff, on the basis of age would jeopardize these clearly established public policies.

30.    Defendant's conduct herein violates these established public policies, and Defendant lacked an overriding, legitimate, business justification for its conduct.

5

31.     By discriminating against Plaintiff and terminating his employment because of his age, Defendant has wrongfully terminated Plaintiff in violation of public policy.

## VII.  COUNT FOUR
### Intentional Affliction Of Emotional Distress

32.     Plaintiffs reassert each and every allegation contained in the foregoing paragraphs of this Complaint as if fully rewritten herein.

33.     Defendant's conduct described herein was intentional, reckless, extreme and outrageous.

34.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered embarrassment, humiliation, and severe mental anguish and emotional distress.

35.     By virtue of the conduct alleged herein, Defendant is guilty of intentional infliction of emotional distress.


**WHEREFORE,** Plaintiffs demand judgment against Defendant Office Depot, Inc. as follows:

a.      That Defendant be enjoined from further unlawful conduct as described herein;

b.      That Plaintiff be reinstated to his employment effective July 19, 2004, or that provided front pay in lieu thereof;

c.      That Defendant be ordered to pay the Plaintiffs all lost pay and benefits in an amount to be determined by a Jury, but in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs;

d.      That Defendant be ordered to pay compensatory damages in an amount to be determined by a Jury, but in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs;

e.  That Defendant be ordered to pay punitive damages in an amount to be determined by a Jury, but in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs;

f.  That Defendant be ordered to pay liquidated damages in the maximum amount authorized by law;

g.  That Defendant be ordered to pay Plaintiffs' reasonable attorneys' fees;

h.  That Plaintiffs be awarded pre- and post-judgment interest;

i.  That Plaintiffs be awarded all Court costs and expenses incurred in this matter; and

j.  That Plaintiffs be awarded any and all other legal and equitable relief to which they may be entitled.

Respectfully submitted,

Chad E. Willits (#0066541)
Felix J. Gora (#0009970)
RENDIGS, FRY, KIELY & DENNIS, L.L.P.
One West Fourth Street, Suite 900
Cincinnati, Ohio 45202-3688
T:      (513) 381-9200
F:      (513) 381-9206
Em:     cwillits@rendigs.com; fgora@rendigs.com

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules Of Civil Procedure, Plaintiffs hereby demand a trial by Jury of all issues raised in this Complaint.

Chad E. Willits (#0066541)
Felix J. Gora (#0009970)
*Trial Counsel for Plaintiff*

440660.1
9/29/05

7