```
             UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

DAVID L. BEEKMAN, et al.,     :     NO. 1:05-CV-00638
                              :
    Plaintiffs,               :
                              :
  v.                          :     **OPINION AND ORDER**
                              :
                              :
OFFICE DEPOT, INC.,           :
                              :
    Defendant.                :

This matter is before the Court on Defendant's Motion for Summary Judgment (doc. 44), Plaintiffs' Memorandum in Opposition (doc. 47), and Defendant's Response (doc. 52). For the reasons indicated herein, the Court DENIES in part and GRANTS in part Defendant's Motion for Summary Judgment.

**I. BACKGROUND**

Defendant Office Depot, Inc. ("Defendant") is a retail business specializing in the sale of business machines, office products, office furniture, and computer hardware/software (doc. 44). Plaintiff David Beekman ("Plaintiff") was employed by Office Depot for eleven years, serving as Manager of the Receiving Department from 2000 until he was terminated on July 19, 2004 (doc. 47).[1]

---

[1] Donald G. Henderson, Trustee for the Bankruptcy Estate of David and Karen Beekman, is also a Plaintiff in this matter and joins Plaintiff Beekman in opposition to Defendant's motion.

Defendant has a forklift operator training and licensing program which requires new employees to participate in an on-line training tutorial and quiz as well as a practical skills evaluation (doc. 44). These evaluations are to be administered by facility managers who are also responsible for filling out the appropriate paperwork afterwards (Id.).

According to Defendant, an employee approached management and expressed concern that his supervisor, Warner Johnson ("Johnson"), was not administering the practical evaluations properly, creating a serious safety issue (Id.). After Defendant investigated Johnson, he admitted that he had falsified some evaluations (Id.). Johnson also indicated that there were two other supervisors involved in falsifying evaluations, including Plaintiff (Id.). Defendant claims that, after further investigation, Plaintiff admitted that he had not been administering the practical skills tests in accordance with the specified procedures (Id.). Defendant subsequently terminated all three managers in July 2004 (Id.).

According to Plaintiff though, his termination was the result of age discrimination (doc. 47). He claims that the Director of Operations for the Office Depot facility at which he worked, Bruce Harris ("Harris"), indicated in a March 2004 managers' meeting that he wanted to infuse the management with

2

"young fresh blood" (Id.).  Harris further explained that he would be actively recruiting managers directly from nearby colleges (Id.).  It is Plaintiff's assertion that Defendant made room for younger management employees by wrongfully terminating Plaintiff and five other managers who were over the age of 40 (Id.). Because Defendant filled at least three of those positions, including Plaintiff's, with managers age 31 or younger, Plaintiff believes that his age was the true reason for his termination (Id.). Plaintiff also denies confessing to any wrongdoing and further states that, far from falsifying any evaluations, he had not even been involved with the evaluation process for nearly two years (Id.).

Defendant however, contends that Harris' statements in the managers' meeting have been taken out of context and are irrelevant as it was not Harris but the newly hired Regional Human Resources Manager, Irvin Johnson, who made the official recommendation to fire Plaintiff (doc. 52). Defendant reiterates the fact that they only launched the investigation after an unsolicited employee complained about a manager's failure to adhere to the provided safety standards (Id.).  Defendant also points out that at no time during the investigation did Plaintiff ever indicate that there had been a period of time when he was not involved with the evaluation process (Id.).

3

The Complaint was filed on September 29, 2005, alleging: (1) Age discrimination in violation of the ADEA, (2) Age Discrimination in violation of O.R.C. §4112, (3) Age discrimination in violation of Ohio public policy, and (4) Intentional Infliction of Emotional Distress (doc. 1). On February 21, 2007, Defendant filed the instant motion for summary judgment on all counts (doc. 44).

**II. ANALYSIS**

    **A.  Summary Judgment Standard**

The narrow question that this Court must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact as to an

4

essential element of the non-movant's case. Id. at 321; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Guarino, 980 F.2d at 405.

As the Supreme Court stated in Celotex, the non-moving party must "designate" specific facts showing there is a genuine issue for trial. Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405. Although the burden might not require the non-moving party to "designate" facts by citing page numbers, "'the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.'" Guarino, 980 F.2d at 405 (quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990)).

Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). Furthermore, the

fact that the non-moving party fails to respond does not lessen the burden on the moving party or the court to demonstrate that summary judgment is appropriate. Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

**B. Discussion**

Defendant moves for summary judgment on each of Plaintiff's four claims (doc. 44). The Court will address each argument in turn.

**1. Plaintiff's Age Discrimination Claim**

**i. Plaintiff's Prima Facie Case**

Both the Age Discrimination in Employment Act ("ADEA") and Ohio law prohibit discrimination on the basis of age in employment decisions. 29 U.S.C.A. §§ 621 et seq., O.R.C. § 4112.02(A). Under these provisions, Plaintiff may assert a prima facie case of age discrimination through the presentation of either direct or indirect evidence. Allen v. Ethicon, Inc., 919 F. Supp. 1093, 1098 (S.D. Ohio 1996). The Ohio Supreme Court has held that "direct evidence," refers to a method of proof, not a type of evidence. Mauzy v. Kelly Servs. Inc., 75 Ohio St. 3d 578, 664 N.E.2d 1272, 1279 (Ohio 1996). It means that a plaintiff may establish a prima facie case of age discrimination directly by presenting evidence, of any nature, to show that the employer more likely than not was motivated by discriminatory

6

intent.  Id.

Plaintiff argues that he has adequately raised a genuine issue of material fact regarding age discrimination under both direct and indirect evidence theories (Id.).

Direct evidence of discrimination occurs when either the decision-maker or an employee who influenced the decision-maker made discriminatory comments related to the employment action in question.  See Reeves v. Sanderson Plumbing, 530 U.S. 133, 152 (2000), Ross v. Campbell Soup Co., 237 F.3d 701, 707-08 (6th Cir. 2001).  Direct evidence is "evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." Weberg v. Franks, 229 F.3d 514, 522 (6th Cir. 2000)(citations omitted), Lautner v. American Tel. and Tel. Co., 1997 U.S. App. LEXIS 1267, No. 95-3756,(6th Cir. Jan. 22, 1997)(Direct evidence is "is evidence which if believed, would prove the existence of a fact . . . without any inferences or presumptions.")  For example, racial slurs or comments constitute direct evidence that a termination may have been racially motivated.  See Talley v. Bravo Pitino Rest., Ltd., 61 F.3d 1241, 1249 (6th Cir. 1995). Direct evidence can exist in cases where an adverse employment decision was the product of a mixture of legitimate and illegitimate motives.  Price Waterhouse v. Hopkins, 490 U.S. 228

7

(1989), superceded by statute on other grounds as stated in Norbuta v. Loctite Corp., 1 Fed. Appx. 305, 2001 U.S. App. LEXIS 459 (6th Cir. January 8, 2001). If a plaintiff produces credible direct evidence of discrimination, discriminatory animus may be at least part of an employer's motive, and in the absence of an alternative, non-discriminatory explanation for that evidence, there exists a genuine issue of material fact suitable for submission to the jury without further analysis by the court. Blalock v. Metals Trades, Inc., 775 F.2d 703, 707-712 (6th Cir. 1985).

Plaintiff's direct evidence theory is premised upon allegations that Director of Operations, Bruce Harris, explicitly stated his intent to replace the older managers with young ones (doc. 47). Plaintiff contends that when Harris explained his desire for "young fresh blood" and his intention to actively recruit from local colleges, he exhibited discriminatory behavior (Id.). According to Plaintiff, this discriminatory behavior was the driving force behind his, and five other managers', termination (Id.).

Defendant argues that Plaintiff mischaracterizes Harris's words (doc. 40). While Harris himself has no recollection of making such a statement, Shawn Greiner ("Greiner"), another employee who allegedly regularly attended

managers meetings during that time frame, does recall Harris making a comment about "fresh" blood, but not "young" blood (Id.). Greiner also testified that the alleged reasoning behind Harris' words was clear: that they needed to recruit from outside of Office depot, regardless of age, because all of the current managers had been internally promoted and were utilizing the same thought process (Id.).

On a motion for summary judgment, he Court must draw all reasonable inferences in favor of the non-moving party. The Court finds that it can reasonably infer that the statements Plaintiff alleges Harris made are evidence of age-related animus. Further, the Court finds that a reasonable jury could choose to believe Plaintiff's characterization of the managers' meeting and of Harris' comments. This conclusion, coupled with Defendant's opposing arguments, establishes that there is a question of fact as to whether Plaintiff's termination was motivated by age-related animus. Though Plaintiff's direct evidence theory is somewhat thin, it survives Defendant's Motion for Summary Judgment.

Notwithstanding Plaintiff's direct evidence theory, the Court holds that Plaintiff has presented enough evidence to establish a prima facie case using indirect evidence. In order to prevail on an indirect or circumstantial evidence theory,

9

Plaintiff must establish a prima facie case of age discrimination by proving that (1) he was over forty, (2) he was qualified for the position, (3) he suffered an adverse employment action, and (4) he was replaced by a substantially younger employee or additional evidence shows that the employer was motivated by Plaintiff's age in making its decision.  O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308 (1996).  The prima facie case "raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors."  Furnco Construction Corp. v. Waters, 438 U.S. 567, 577 (1978).  Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee.  Texas Dep't. Of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981).

As for indirect evidence, Plaintiff argues that he has raised at least a genuine issue of material fact with regard to the existence of a prima facie case (doc. 47).  The parties agree that Plaintiff was over forty, that he suffered an adverse employment action, and that he was replaced by a younger employee.  However, the parties dispute whether as a matter of law Plaintiff was qualified for his position.

The focus at this stage of the analysis should be on

10

Plaintiff's objective qualifications, such as his experience in the particular type of work and demonstrated possession of the required general skills. See Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 575-76 (6th Cir. 2003). As the prima facie case is not intended to be burdensome, searching analysis at this stage on whether a plaintiff is "qualified" is improper. McCrory v. Kraft Food Ingredients, No. 94-6505, 1996 U.S. App. LEXIS 26305 *14 (6th Cir. Oct. 3, 1996).

Defendant asserts that Plaintiff's alleged admission that he had not been administering the evaluations in accordance with Office Depot's procedural policy precludes him from establishing a prima facie case for age discrimination (doc. 44). Similarly, Defendant claims that because Plaintiff acknowledges that it is critical for employees to be properly trained on the appropriate equipment, but did not follow the forklift training and licensing policy as he was instructed, Plaintiff is unable to establish a prima facie case (Id.).

The Court, however, finds Plaintiff's citation to Cole v. Abbott Laboratories, 2006 WL 3452530, at p. 5(S.D. Ohio, 2006), and Chitwood v. Dunbar Armored, 267 F. Supp. 2d 751, 756(S.D. Ohio, 2003), persuasive for the proposition that he can adequately establish that his objective qualification. The Wexler decision confirms that the focus at this time should be on

11

Plaintiff's objective qualifications, such as his experience in the industry and his demonstrated possession of the required general skills. Wexler, 317 F.3d at 574-76. Mr. Beekman was an eleven year employee with Defendant and had been promoted twice, most recently to manager of the Receiving Department, where he served for approximately four years (doc. 47). All of Mr. Beekman's annual appraisals ranked his performance well above average and even as "exceeding expectations" in the last two years (Id.).

Drawing all reasonable inferences in favor of Plaintiff, the Court finds that a reasonable jury could conclude that Plaintiff was qualified for his position, and therefore finds that Plaintiff has established each prong of his prima facie case for age discrimination.

### ii. The Legitimacy of the Termination Claim

Because Plaintiff has established a prima facie case on both direct and indirect evidence theories, the burden now shifts to Defendant to rebut the presumption of discrimination by producing evidence that Plaintiff was terminated, or someone else was preferred, for a legitimate, nondiscriminatory reason. Burdine, 450 U.S. at 254. Defendant need not persuade the Court that it was actually motivated by the proffered reasons. Id., citing Board of Trustees of Keene State College v. Sweeney, 439

12

U.S. 24, 25 (1978).

It is sufficient if Defendant's evidence raises a genuine issue of fact as to whether it discriminated against the Plaintiff.  Id.  To accomplish this, Defendant must clearly set forth, through the introduction of admissible evidence, the reasons for Plaintiff's termination.  Id. at 255.  The explanation provided must be legally sufficient to justify a judgment for the Defendant.  Id.  If Defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity.  Id.  Placing this burden of production on the Defendant thus serves simultaneously to meet Plaintiff's prima facie case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that Plaintiff will have a full and fair opportunity to demonstrate pretext.  Id. at 255-56.  The sufficiency of Defendant's evidence should be evaluated by the extent to which it fulfills these functions.  Id. at 256.

Defendant contends that Harris did not target Plaintiff and the other two terminated managers, looking for performance issues or an excuse to fire them (Id.).  Rather, an employee stepped forward with a concern that his own supervisor, Johnson, was not actually conducting the practical skills evaluations

13

required under the forklift training and certification process (Id.). After Johnson admitted that he frequently approved the evaluations without actually conducting them, Johnson informed Defendant that Plaintiff and another manager were also involved in the falsification process (Id.). In a separate investigation, Defendant concluded, in part as a result of Beekman's alleged admission, that he had performed evaluations in a method other than that required under the company policy (Id.). Defendant maintains that these facts formed the basis of Office Depot's decision to terminate Beekman (Id.). In light of this explanation, the Court finds that a reasonable jury could determine that Defendant articulates a legitimate, non-discriminatory reason for Plaintiff's termination (doc. 44).

### iii. Defendant's Articulated Reason as Pretext

Plaintiff retains the burden of persuasion. Manzer v. Diamond Shamrock Chemicals Co., 29 F.3d 1078, 1084 (6th Cir. 1994). He now must have the opportunity to demonstrate that Defendant's proffered reason was not the true reason for the employment decision. Wilson v. Firestone Tire & Rubber Co., 943 F.2d 510, 517 (6th Cir. 1991). Plaintiff may succeed in this by showing both that Defendant's proffered reasons are factually untrue, and that discrimination was the real reason for the

14

adverse employment action. Peters v. Lincoln Electric Co., 285 F.3d 456, 470 (6th Cir. 2002), St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993). Plaintiff can prove pretext by showing that 1) the articulated reasons are not supported by the facts as revealed by the evidence; 2) the articulated reason or reasons did not actually motivate the termination; or 3) the articulated reasons were insufficient to warrant the termination. Manzer, 29 F.3d at 1084.

Plaintiff's performance appraisals specifically noted that he displayed a real concern for his employees, illustrating his apparent interest in safety (doc. 44). Furthermore, Plaintiff had a personal financial motivation to strictly enforce the licensing policy and ensure safe operations, as a significant portion of his annual bonus was based upon the number of accidents that occurred at the facility; the more accidents he could prevent, the more his bonus increased (Id.). As to Plaintiff's alleged confession, he contends that he never admitted to violating the policy (Id.). Instead, while he was not strictly enforcing the policy, he was performing all the required steps, albeit out of order (Id.). This, however, may not have been grounds for termination as Plaintiff claims that the evaluation policy had never been rigidly enforced prior to his termination (Id.). Plaintiff similarly denies any falsification

15

of any company record, as well as any knowledge of Johnson's apparent falsifications (Id.). While Defendant may dispute these points, doing so would only be furthering Plaintiff's assertion that a genuine issue of material fact does exist and that summary judgment is inappropriate.

The law states that a jury is entitled to infer from any weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered reasons for its action that the employer did not act pursuant to those reasons. Chandler v. Dunn Hardware, 168 Ohio App.3d 496, 2006-Ohio-4376, at ¶11. The Court agrees that a jury could choose to disbelieve Defendant's proffered reason and conclude that it is simply a pretext for discrimination. For these reasons, the Court finds summary judgment inappropriate for Plaintiff's age discrimination claim.

### 2. Plaintiff's Public Policy Claim

The Court finds Plaintiff's Ohio public policy claim controlled by the holding in Carrasco v. NOAMTC, Inc., in which the Sixth Circuit found that Title VII and Ohio Rev. Code § 4112 provide adequate remedies to vindicate Ohio's public policies against unlawful employment discrimination, and therefore such claims are precluded under Ohio law.  124 Fed. Appx. 297, 304 (6th Cir. 2004) (interpreting the Ohio Supreme Court's ruling in

16

Wiles v. Medina Auto Parts, 96 Ohio St. 3d 240, 773 N.E.2d 526, 530 (2002) (citations omitted) to bar public policy claims where there exists a statutory remedy that adequately protects society's interests), see also James v. ABX Air, Inc., 2006 U.S. Dist. LEXIS 16979, No. 1:03-CV-00480, at *10, (S.D. Ohio, March 23, 2006)(Spiegel, J.), Stang v. Deloitte & Touche, Case No. 2:05-CV-590, 2006 U.S. Dist. LEXIS 16444, *9 (S.D. Ohio, April 5, 2006). Accordingly, the Court finds it appropriate to grant Defendant summary judgment on Plaintiff's Ohio public policy claim.

### 3. Plaintiff's Intentional Infliction Of Emotional Distress Claim

The Ohio Supreme Court has held that a party may only establish an intentional infliction of emotional distress claim if they demonstrate conduct that has been so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Yeager v. Local Union 20, 6 Ohio St.3d 369, 453 N.E.2d 666, 671 (Ohio 1983). Facts that simply allege termination based upon discrimination do not meet the required level of extreme and outrageous conduct without proof of something more. Otherwise, every discrimination claim would simultaneously become a cause of action for the intentional

infliction of emotional distress. Godfredson v. Hess & Clark, Inc., 173 F.3d 365, 376 (6th Cir. 1999). Because Plaintiff failed to allege any facts beyond those stated for the age discrimination claim, the Court finds it appropriate to grant Defendant summary judgment on Plaintiff's intentional infliction of emotional distress claim.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Summary Judgment as to Plaintiff's age discrimination claims in Counts One and Two and GRANTS Summary Judgment as to the Ohio public policy and intentional infliction of emotional distress claims in Counts Three and Four (doc. 44).

SO ORDERED.

Dated: July 5, 2007      /s/ S. Arthur Spiegel
                         S. Arthur Spiegel
                         United States Senior District Judge