```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

DAVID L. BEEKMAN, et al.      :
    Plaintiffs,           :   NO. 1:05-cv-638
                          :
  v.                        :   **OPINION AND ORDER**
                          :
OFFICE DEPOT, INC.            :
    Defendant.            :

This matter is before the Court on the Clerk's Memorandum on Costs (doc. 93), Defendant's Motion to Retax Costs or Review the Clerk's Memorandum on Costs ("Motion to Retax Costs") (doc. 94) and Plaintiffs' Memorandum in Opposition thereto (doc. 95).  For the reasons indicated herein, this Court DENIES Defendant's Motion to Retax Costs.

**I. Background**

On January 28, 2008, Defendant, as the prevailing party, filed a Bill of Costs requesting that the Clerk tax as costs to Plaintiffs: fees for service of summons and subpoena ($491.98), fees of court reporter for transcripts necessary for use in the case ($4,693.24), fees for witness ($64.25), and fees for exemplification and copies of papers necessary for use in the case ($3,502.91), for a total of $8,753.38 (doc. 89).

On March 14, 2008, the Clerk filed a Memorandum on Costs (doc. 93), based on the Bill filed by Defendant (doc. 89), disallowing taxation of all fees requested by Defendant.  On March 19, 2008,

Defendant then filed a Motion to Retax Costs in the reduced amount of $5,249.47, which no longer included the previous request for fees for copies in the amount of $3,502.91 (doc. 94).  On April 9, 2008, Plaintiffs then filed a Response in Opposition of Defendant's Motion to Retax, reiterating that the Court has discretion to allow or deny requests for costs and arguing that the taxation of any costs would be inequitable due to Plaintiffs' good faith in prosecuting the claim, potential chilling effects on other meritorious claims, and financial hardships on Plaintiffs (doc. 95).

**II. Discussion**

**A. Fees for Service of Summons and Subpoena**

The Clerk disallowed Defendant's request for fees for service of summons and subpoena in the amount of $491.98 based on the Court's *Guidelines for Attorneys Taxation of Costs in the Southern District of Ohio* ("Guidelines") (doc. 93).  The Guidelines state that service fees for neither deposition nor discovery subpoenas are taxable (Guidelines at 3).  Defendant, in its Motion to Retax Costs, argued that the Guidelines are not binding upon the Court and that such services should be viewed as presumably taxable costs under 28 U.S.C. § 1920(1) (doc. 94).  Plaintiffs, in their Response in Opposition, argued that the Guidelines represent the collective determination of Judges in the Sixth Circuit on the matter of taxable costs and should thus be considered by Judges, where

relevant, in exercising their discretion (doc. 95).  Additionally, Plaintiffs point out that only one of the four subpoenaed depositions went forward, so the costs Defendant requests for scheduling, canceling, and rescheduling unused depositions are even further unnecessary and unreasonably large (Id.).

In agreement with Plaintiffs' arguments, this Court finds that to grant Defendant's requests for fees for subpoenas would be inequitable.  Additionally, this Court follows the Guidelines set out for the Southern District of Ohio, and thus agrees with the Clerk's reasoning for denying Defendant's requests for subpoena service fees.  This Court finds that the fees for service of summons and subpoenas are not taxable and thus denies Defendant's request that the Court retax that cost.

**B. Fees for Transcripts**

The Clerk next denied Defendant's request for fees for costs of transcripts in the amount of $4,693.24 based on the Guidelines, which the costs of a transcript must typically be approved by the Court before a Clerk can request them as costs ( doc. 93, citing Guidelines at 4).  Thus, in this case, because the costs were not pre-approved by the Court, they should not be taxed to Plaintiffs (Id.).  Additionally, the Clerk argued that it can be difficult to tell what documentations are being used at trial and whether they are actually the transcripts which are being requested to be taxed as costs (Id.).  Defendant argued, in its Motion to Retax, that

under 28 U.S.C. § 1920, the costs of reasonably necessary (as determined when deposition is taken, not by actual use at trial) transcripts are generally allowed for the prevailing party (doc. 94). Defendant believed that the transcripts in this case were reasonably necessary at the time that they were taken, thus Plaintiffs should be required to pay this cost for Defendant (Id.). Plaintiffs argued, in their Response in Opposition, that allowing costs of the transcripts to be taxed by the prevailing party goes against the Guidelines and is inequitable (doc. 95).

In agreement with Plaintiffs' arguments, this Court finds that to grant Defendant's requests for transcript fees would be inequitable. Additionally, this Court follows the Guidelines set out for the Southern District of Ohio, and thus agrees with the Clerk's argument for denying Defendant's requests for transcript fees. This Court finds that Defendant's transcript fees are not taxable and thus denies Defendant's request that the Court retax that cost.

**C. Fees for Witness**

Finally, the Clerk disallowed Defendant's request for fees for costs of witness in the amount of $64.25 based on the Guidelines (doc. 93). The Clerk found that, because the Guidelines do not address witness fees associated with discovery depositions, the costs of a witness are only taxable if the witness attends trial (Id.). Thus, in this case, where the witness was deposed during

the pre-trial period, the Clerk argued that the witness fees requested by Defendant are not taxable to the Plaintiffs (Id.). Defendant argued, in its Motion to Retax, that because the Guidelines do not differentiate between witness fees for trial and for depositions and because deposition of the witness was necessary at the time, the witness fees are taxable according to 28 U.S.C. §§ 1821 and 1920(3), respectively (doc. 94).  Plaintiffs argued in their Response in Opposition, that because the Court has discretion in determining whether to allow or deny fees and because it would be inequitable in this case to allow such fees, the Court should deny Defendant's request for witness fees (doc. 95).

In agreement with Plaintiffs' arguments, this Court finds that to grant Defendant's requests for witness fees would be inequitable in this case. Additionally, this Court follows the Guidelines, and thus agrees with the Clerk's argument for denying Defendant's requests for witness fees.  Finally, this Court disagrees with Defendant's arguments regarding the United States Code ("Code") and the Guidelines because although the Code addresses witness fees, it does not address whether such fees are taxable.  Thus, in this case, where it would otherwise be inequitable to impose costs on Plaintiffs, this Court will interpret the Code's and Guidelines' failure to mention taxation of witness fees for deposition to mean that the fees are not taxable.  This Court finds that the witness fees are not taxable and thus denies Defendant's request that the

Court retax that cost.

### III. Conclusion

Because the Clerk did not abuse his discretion in his well-reasoned determination of the costs to Plaintiffs, because assessing Defendant's requested costs would be inequitable, and because Defendant failed to submit documents that affirm and support the requested costs, this Court finds the Clerk's Memorandum on Costs well-reasoned, thorough, and correct (doc. 93).

For the foregoing reasons, the Court DENIES Defendant's Motion to Retax Costs (Id.).

SO ORDERED.

Dated: June 11, 2008       /s/ S. Arthur Spiegel
                                        S. Arthur Spiegel
                                        United States Senior District Judge